UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RHYIAN SZPILA, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2274 |
| | ) | |
| JEROMONE COMBS DETENTION | ) | |
| CENTER AND OFFICER AUSTIN, | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has named two Defendants: the Jerome Combs Detention Center and Corporal Austin. Plaintiff begins with an explanation of the lack of hot water provided in jail cells. On April 5, 2021, Plaintiff began providing hot water to inmates from the dayroom microwave and sink. Plaintiff admits Defendant Austin and other officers repeatedly told him to stop. While Plaintiff does not agree with this order, an incarcerated individual is required to follow officer's directives. *See Soto v Dickey*, 744

F.2d 1260, 1270 (7th Cir. 1984)("[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them.").

Defendant Austin then came to Plaintiff's cell and told him to pack up because he was moving to segregation. Plaintiff says he was talking with the Defendant and moving his belonging to his box when Defendant Austin unexpectedly used his taser. The officer then put his knee on Plaintiff's neck and Plaintiff says he had trouble breathing. The Plaintiff pushed Defendant Austin off, and the officer responded by punching Plaintiff.

Plaintiff has alleged Defendant Austin used excessive force against him on April 5, 2021. Plaintiff will need to clarify whether he was a pretrial detainee or an inmate convicted of a crime at the time of his allegations in order to determine whether his claims proceed pursuant to the Fourteenth Amendment or the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)(fourteenth amendment applies to pretrial detainees and eighth amendment applies to convicted prisoners).

Plaintiff cannot proceed with a claim against Jerome Combs Correctional Center because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); Laughman v. Baker, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

The Court also notes it is unclear whether Plaintiff was disciplined as a result of this incident, and it is unclear whether Plaintiff can demonstrate he exhausted his administrative remedies before filing his complaint. These are issues which can be addressed once Defendant has been served.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied with leave to refile. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Austin used excessive force against him on April 5, 2021. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Jerome Combs Detention Center for failure to state a claim upon which relief can be granted.; 2) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 11th day of April, 2022.

s/James E. Shadid

---

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE